UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ELVIS ESPINAL,

                             Plaintiff,

   -against-

THE CITY OF NEW YORK, MARK BRINADZE,
And JUAN CABRERA,

                             Defendants.
------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

JURY TRIAL DEMANDED

13 CV 6560 (ARR) (LB)

Plaintiff, ELVIS ESPINAL, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC**, complaining of the Defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the defendant's violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

1

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

5. Plaintiff Elvis Espinal is 42 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings.

6. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8. Defendants BRINADZE and CABRERA are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY

OF NEW YORK and/or the New York City Police Department a municipal agency of defendant THE CITY OF NEW YORK. Defendants BRINADZE and CABRERA are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants BRINADZE and CABRERA are sued individually.

## STATEMENT OF FACTS

9. On December 2, 2012 at approximately 8:40 p.m., in the County of Kings, Defendants BRINADZE and CABRERA arrested plaintiff and his cousin Anthony Rosa for misdemeanor drug possession.

10. At the time of his arrest Plaintiff was en route to a Federal Halfway House located at 104 Bridge Street in which he was furloughed after being released from Federal Correctional Institute (FCI) Cumberland Maryland. He was returning from a weekend pass and sitting in the passenger seat of Rosa's Volkswagen Minivan at the intersection of York and Bridge Streets.

11. Defendants approached the Minivan and ordered Rosa and Plaintiff out. Defendants indicated they were stopping the Plaintiff because they were in a "high narcotics crime area". Defendants then proceeded to unlawfully search Rosa and

3

Plaintiff. Upon information and belief Defendants recovered a small bag containing crack cocaine from Rosa's pocket.

12. Brinadze then lied to the Kings County District Attorney's Office about the facts surrounding the arrest and swore out a perjured criminal complaint charging Plaintiff with Criminal Possession of a Controlled Substance in the Seventh Degree; NY Penal Law §220.03. Specifically, Brinadze alleged that he recovered the drugs from the "ground were [he] observed defendant drop it"[1]. The charged against Plaintiff were dismissed by the criminal court on February 28, 2013. Rosa consented to an Adjournment in Contemplation of Dismissal; NY CPL §170.55.

13. Owing to Plaintiff's arrest he failed to return to the Halfway House and at 9:45 p.m. on December 2, 2012 was placed on escape status. After being released from Central Booking on the new arrest Plaintiff returned to the Halfway House on December 3, 2012. Due to the circumstances surrounding his failure to meet curfew Plaintiff was returned to FCI Cumberland on February 25, 2013. He was held until September 25, 2013. Upon release from Cumberland Plaintiff was then detained by New York State Department of Correction and Community Supervision (DOCCS) owing to the arrest by Defendants. Plaintiff then spent an additional four (4) months in state custody before being released by DOCCS.

---

[1] Upon information and belief Brinadze or Cabrera also swore out an identical complaint as to Rosa. Plaintiff is in the process of obtaining the same and reserves the right to amend this complaint.

4

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of federal civil rights under the United
States Constitution and 42 U.S.C §§ 1981 and 1983)

14. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

15. By their conduct and actions in arresting, imprisoning, failing to intercede on behalf of Plaintiff and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of others, Defendants BRINADZE and CABRERA, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

16. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION
(False arrest and false imprisonment)

17. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

18. By the actions described above, Defendants BRINADZE and CABRERA falsely arrested or caused to be falsely arrested plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to

the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the United States and its Amendments.

19. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

### **AS AND FOR A THIRD CAUSE OF ACTION**
(Liability of Defendant the City of
New York for Constitutional Violations)

20. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

21. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police and corrections departments, and through Defendants BRINADZE and CABRERA had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

22. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through BRINADZE and CABRERA had de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees police officers, and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise or discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

23. In this district alone numerous narcotics police officers from the notorious Brooklyn South Narcotics Unit have been captured on audio recordings admitting planting drugs on arrestees and lying about it to prosecutors. Many of these officers have

been successfully sued civilly, criminally prosecuted, and sent to prison in this Court. It is respectfully requested that this Court take judicial notice of the lengthy history of misconduct by narcotics police officers in this district.

24. It is believed that the City has maintained no system or an inadequate system of review of officers who withhold knowledge or give false information regarding misconduct by fellow officers. This failure to identify and track such officers, including the defendant officers, or to discipline, more closely supervise, or retrain such officers who engage in the "code of silence," causes New York City police officers to believe that they can engage in misconduct, secure in the knowledge that their fellow officers will neither intervene, nor give evidence against them. These systemic deficiencies include, but are not limited to:

  a. Preparation of investigative reports designed to vindicate the conduct of officers who gave false information about the misconduct of other officers, or who falsely denied knowledge about misconduct which they were in a position to observe;

  b. Preparation of investigative reports which uncritically rely solely on the word of police officers and which systematically fail to credit testimony of non-police witnesses;

  c. Preparation of investigative reports which omit or ignore factual information and physical evidence which contradict the accounts of police officers;

  d. Issuance of public statements exonerating officers involved in such incidents prior to the completion of investigation;

7

    e. Failure to have meaningful review of investigative reports by responsible superior officers for accuracy or completeness, including consideration of the conduct of officers who were not actively engaged in the misconduct which was the subject of the investigation, and acceptance of conclusions which are not supported by the evidence or which contradict such evidence; and,

    f. Failure to identify potential "code of silence" violations and maintain accurate records of allegations of such misconduct.

25. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution)

26. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

27. Defendants BRINADZE and CABRERA maliciously prosecuted Plaintiff. The acts and conduct of the Defendants were the direct and proximate cause of injury to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the United States and its Amendments.

28. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

8

## **AS AND FOR A FIFTH CAUSE OF ACTION**
(Falsification of Evidence)

29. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

30. Defendants falsified evidence against Plaintiff. The acts and conduct of the Defendants were the direct and proximate cause of injury to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the United States and its Amendments.

31. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the Defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorneys' fees;

    e. Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
       March 14, 2014

                                      Respectfully submitted,

                                      SCOTT G. CERBIN, ESQ., PLLC
                                      Counsel for the Plaintiff

                                      /s/ Scott G. Cerbin

                                      _____
                                      By: Scott G. Cerbin (SC5508)
                                      16 Court Street, Suite 2901
                                      Brooklyn, NY 11241
                                      (718) 596-1829